**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL R. GONZALES, | No. 09-56917 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02251-AG-VBK |
| v. | |
| MICHAEL STAINER, Acting Warden, et al., | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted January 11, 2013
Pasadena, California

Before: GOODWIN, HAWKINS, and WARDLAW, Circuit Judges.

California prisoner Daniel R. Gonzales appeals the denial of his 28 U.S.C. §

2254 habeas corpus petition. He contends that the admission of certain statements at

his trial violated the Confrontation Clause. The relevant state court decision applied

harmless-error analysis to three instances of hearsay: (1) statements made by an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

eyewitness, Yesenia Simon, to a police officer; (2) statements made by Gonzales's aunt, Teresa Garcia, used as the basis for a hypothetical posed to an expert; and (3) the aunt's statements repeated to her by the prosecutor while she invoked the Fifth Amendment on the witness stand. The state court decision survives review under the Antiterrorism and Effective Death Penalty Act (AEDPA), and we therefore affirm.

Denial of a habeas petition is reviewed de novo. *Parker v. Small*, 665 F.3d 1143, 1147 (9th Cir. 2011). Under AEDPA, federal courts may grant relief to state prisoners only where the state-court adjudication of a claim on the merits was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). AEDPA review is "highly deferential," *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), and relief should be granted only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents," *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Confrontation Clause errors are subject to harmless-error analysis. *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). The analysis looks to "whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt."

*Id.* Five factors apply: (1) importance of the testimony to the prosecution's case; (2) "whether the testimony was cumulative;" (3) presence or absence of corroborating or contradictory evidence; (4) extent of cross-examination permitted; and (5) overall strength of the prosecution's case. *Id.*

Finding harmless error in the admission of Simon's statements was not unreasonable. While the state court did not, and need not, analyze the five *Van Arsdall* factors, *see Early v. Packer*, 537 U.S. 3, 8 (2002), the state court's conclusion was not unreasonable. Regarding the first factor, the state court recited a laundry list of evidence that supported the conviction even without Simon's hearsay. It was not unreasonable to conclude the evidence was extremely compelling, and thus it would not be unreasonable to conclude Simon's testimony was not very important in the overall scheme of things. This conclusion is bolstered by the second factor, as Gonzales concedes that Simon's testimony was cumulative of that of another witness, Tiffany Oliva. The state court's recitation of evidence also supports finding the fifth factor fell in favor of the government. Similarly, as to the third factor, Oliva's testimony provided a great deal of evidence to corroborate Simon's hearsay statements. So did some of the physical evidence, particularly the blue L.A. windbreaker carrying Gonzales's DNA. The fourth factor falls in Gonzales's favor, as he did not have a prior opportunity to cross-examine Simon.

Gonzales focuses heavily on his belief that Oliva's testimony lacked credibility. However, even if Simon's hearsay may have unfairly bolstered Oliva's credibility, Gonzales's argument ignores the corroborating physical evidence of his guilt. Ultimately, the state court's decision was not one that all fairminded jurists would necessarily conclude conflicted with Supreme Court precedent. Thus, Gonzales is not entitled to relief on this issue.

As to Garcia, in the case of both the expert testimony, and the government's questioning of Garcia, the state court did not unreasonably find harmless error. For primarily the same reasons discussed above, the evidence apart from Garcia's hearsay statements was a sufficient basis for the state court to reasonably conclude Gonzales had not been impermissibly prejudiced.

Again, while Garcia's statements were not unimportant, there was a great deal of other testimonial and physical evidence pointing to Gonzales's guilt. Oliva's credibility may have been open to question, but that question was within the jury's province. Although Garcia's testimony was not generally cumulative of other evidence, both Oliva's testimony and the physical evidence corroborated Garcia's alleged statements. Thus, despite any Confrontation Clause violation, or the clearly egregious prosecutorial conduct, the California Court of Appeal did not unreasonably

apply the harmless error standard as stated in *Van Arsdall*.  Gonzales is not entitled

to relief with respect to the hypothetical or the questions posed to Garcia.

**AFFIRMED.**